**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: D.P., B.P.-1, S.C., and M.C.

No. 17-0145 (Cabell County 15-JA-236, 15-JA-237, 15-JA-238, & 15-JA-252)

**MEMORANDUM DECISION**

Petitioner Mother M.T., by counsel Michael A. Meadows, appeals the Circuit Court of Cabell County's January 17, 2017, order terminating her parental, custodial, and guardianship rights to D.P., B.P.-1, S.C., and M.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Steven M. Kresch, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future, in terminating her parental, custodial, and guardianship rights based on its finding that she failed to substantially comply with the terms and conditions of the improvement period, and in terminating her parental, custodial, and guardianship rights based on its finding that she did not correct the conditions of abuse and neglect that led to the filing of the petition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, Child Protective Services ("CPS") received a referral which alleged that petitioner overdosed in nine-year-old M.C.'s presence. CPS investigated and directed petitioner to submit to drug screens and participate in services to remedy the issue. For several months, beginning in April of 2015, petitioner received services from the DHHR.

In August of 2015, petitioner advised a provider that she was having substance abuse issues with cocaine and heroin and wanted help. In response, CPS took emergency custody of the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

children, and the DHHR filed an abuse and neglect petition in September of 2015. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in November of 2015 at which petitioner stipulated that she had a substance abuse problem which impaired her ability to properly care for the children. Petitioner was adjudicated as an abusing parent and received a six-month post-adjudicatory improvement period. In December of 2015, petitioner entered the Genesis Program for Women ("Genesis"), a long-term drug rehabilitation program in Parkersburg, West Virginia.

In February of 2016, the circuit court held a review hearing and found that petitioner was making adequate progress with classes and visitation with the children at the Genesis program during her improvement period.

In May of 2016, the circuit court granted petitioner a three-month extension to her post-adjudicatory improvement period. In June of 2016, the circuit court granted petitioner unsupervised weekend visitation pursuant to the guardian's motion for such. However, the unsupervised weekend visitation was stopped after July 2, 2016, due to restrictions on petitioner's ability to have all four children at Genesis, and due to the allegations that petitioner struck M.C. in the face and spanked B.P-1 during visits.

In August of 2016, the guardian moved to terminate the petitioner's parental rights based on her failure to adhere to and complete the requirements of her improvement period, namely that petitioner left Genesis against medical advice. The guardian further alleged petitioner committed violent acts upon the children during visits, failed to complete a formal domestic violence intervention program, lacked stable and adequate housing, and failed to learn appropriate and safe parenting methods.

In September and October of 2016, the circuit court held dispositional hearings upon the guardian's motion to terminate petitioner's parental rights. At disposition, petitioner moved for a post-dispositional improvement period. The circuit court found that petitioner failed to complete her inpatient substance abuse treatment program at Genesis and left the program against medical advice. Further, the circuit court found that petitioner failed to learn appropriate and safe parenting and failed to follow a reasonable family case plan. The circuit court also found that petitioner failed to comply with the requirements of her improvement period and that there was no reasonable likelihood that the conditions which led to the removal of the children could adequately and substantially be corrected in the near future without causing further psychological harm to the subject children and delaying permanency. Ultimately, the circuit court denied petitioner's motion for a post-dispositional improvement period and terminated her parental, custodial, and guardianship rights in its January 17, 2017, order.[2] It is from the dispositional order that petitioner appeals.

---

[2]Petitioner's parental, custodial, and guardianship rights to all four children were terminated below. According to the guardian, an unknown putative father's parental rights to M.C. were terminated below, and the status of the putative father A.D.'s paternity and parental rights to M.C. is unknown. S.C. and M.C. remain in the home of their maternal grandparents (continued . . .)

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights upon erroneous findings. First, petitioner argues that the circuit court erred in finding there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future. We do not agree. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . ."

Petitioner asserts that by substantially completing her drug rehabilitation program at Genesis, she demonstrated significant progress during her improvement period and, therefore, could correct the conditions of abuse and neglect in the near future. Conversely, the record on appeal shows that petitioner actually failed to progress in the program, which caused her to fail to complete the program by June or July of 2016 as expected. In fact, she ultimately failed to complete her inpatient substance abuse program at Genesis and left the program against medical advice. Petitioner told the personnel at the program that she had permission from her DHHR worker to leave, which the DHHR worker denied. Petitioner also failed to complete a formal domestic violence intervention program, which was a requirement of her improvement period. Also, although petitioner was employed at the time of the dispositional hearing, she was unable to demonstrate the ability to keep a job for a period of six months as recommended by her parental fitness evaluation psychologist. Further, petitioner could not verify that she had obtained

---

who previously obtained guardianship of S.C. The permanency plan for M.C. is for those same grandparents to obtain subsidized legal guardianship. Further, J.C., father of S.C., was dismissed from the proceedings and retained his parental rights. J.C. is on active duty in the United States Military. According to the guardian and the DHHR, D.P. and B.P.-1 are in separate foster homes. The permanency plan for D.P. and B.P.-1 is adoption in their respective foster homes. Additionally, B.P., father of D.P. and B.P.-1, voluntarily relinquished his rights to those children.

appropriate, clean, suitable and stable housing for herself and her children as required by the end of the extension to her post-adjudicatory improvement period. Moreover, petitioner clearly failed to learn appropriate and safe parenting, as demonstrated by the fact that she struck M.C. in the face during a supervised visit and spanked B.P.-1 six or seven times during an unsupervised visit. Based on this evidence, petitioner was unable to demonstrate that she could correct the conditions of abuse and neglect.

For these reasons, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. Based on the evidence outlined above, it is clear that petitioner failed to follow through with the reasonable family case plan.

Next, petitioner argues that the circuit court erred in finding that she failed to substantially comply with the terms and conditions of her improvement period. According to petitioner, she substantially complied with the terms of the improvement period in that she had obtained housing and employment and documented successful drug rehabilitation. However, the record shows that petitioner did not, in fact, substantially comply with the requirements of her improvement period, as discussed above. "At the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child." Syl. Pt. 3, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Simply put, petitioner's argument is entirely without merit, given the ample evidence in the record on appeal of her noncompliance. Accordingly, we find she is not entitled to relief in this regard.

Petitioner also argues that the circuit court erred in terminating her parental, custodial, and guardianship rights because she corrected the conditions of abuse and neglect by substantially completing inpatient drug rehabilitation and by making progress with parenting classes and visitation with her children. We disagree. The record clearly shows that petitioner did not correct the conditions of abuse and neglect. As discussed above, petitioner did not successfully complete her inpatient rehabilitation program or a formal domestic violence intervention program. She clearly failed to learn appropriate and safe parenting, which was demonstrated when she struck M.C. on the face and spanked B.P.-1 during visits. Moreover, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, we find no error in the circuit court's finding that petitioner did not substantially correct the conditions of

abuse and neglect during her improvement period or in its termination of her parental, custodial, and guardianship rights.

Finally, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 17, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker